## BAKER *v.* FLAGG *et al.*

*Simmons, C. J.*—1. Where the plaintiff in a common law *fi. fa.* ruled a sheriff for money in his hands, and a contest for a portion of the same arose between the movant of the rule and one who claimed under a laborer's lien, which appeared to have been duly foreclosed; and where on account of vagueness and uncertainty in the bill of exceptions this court cannot distinctly ascertain what questions, either of law or fact, were in issue at the trial, it will not overrule the court below in refusing to set aside a verdict in the laborer's favor, the record not disclosing that as to amount or otherwise it was contrary to law or to the evidence.

2. While one who claims, upon a laborer's lien, money in a sheriff's hands, ordinarily carries the burden of proving whatever is essential to show the existence and validity of the alleged lien and its correctness in amount, as to all matters put in issue by

the pleadings of the opposite party, a charge to the contrary is not, in the present case, cause for a new trial; it appearing that this burden was assumed by the laborer, and, for aught disclosed in the record, successfully carried.               *Judgment affirmed.*

May 4, 1896. Argued at the last term.

Money rule. Before Judge Reese. Hancock superior court. February term, 1895.

The contest was between an ordinary execution in favor of Baker, and an execution issued upon the foreclosure of a laborer's lien in favor of Carrie Davis, for money in the sheriff's hands arising from the sale of property of Flagg. Baker's execution was dated April 27, 1889, registered April 13, 1893, and levied September 7 and 9, 1893, on corn, fodder, and a bale of cotton; under which levies the fund in court was raised. A part of it was taken by a distress warrant and landlord's lien, which were undisputed. The affidavit to foreclose a laborer's lien was in the usual form, claiming an indebtedness of $45 for work during eleven months of 1893 at $5 per month. Baker interposed a traverse of the answer to the rule which he brought, denying that the amount claimed on the laborer's lien execution was due. There was testimony that Carrie Davis was Flagg's daughter, between 15 and 17 years of age; that she worked with him in 1893, but not regularly in the fall, as she was not well; that she was married in the latter part of June, but stayed and worked on. The court ruled, after Baker had put in evidence his execution, and had read to the jury the rule and answer, that he must attack and disprove the legality and justice of the laborer's lien; and that the burden was on him to make good the allegation of his traverse. The court also charged the jury, that under the evidence the laborer's lien execution was entitled to be paid before that of Baker. By motion for new trial Baker assigned error upon these rulings; further alleging, that the verdict in favor of Carrie Davis was contrary to law and evidence, and that the court erred in refusing, on motion,

to rule out the laborer's lien execution and proceedings, for want of sufficient evidence to prove the allegations in the affidavit to foreclose. The motion was overruled, and Baker excepted.

*James A. Harley,* for plaintiff in error.